JAMES H. LITTLEJOHN, FLOYD McCURRY, JOHNNIE MAX BRIDGES, GROVER TAYLOR, BOB QUICK, DEAN WARD, JAMES A. RUPPE, ROY LOWERY, JAMES MORROW, BROADUS GOODE, RAY D. DUNCAN, THEODORE HAMRICK, TED WILLIAMS, BOBBY A. LIBERA, JAMES McCLELLON, CARL LANCASTER, JOHNNY KELLER, R. K. JONES, LARRY TOMBLIN AND C. B. SMITH v. J. AUSTIN HAMRICK, MAUDE HAMRICK, T. K. GUY, JEANETTE H. GUY, RALPH MORROW AND MACIE MORROW

No. 7229SC375

(Filed 2 August 1972)

Appeal and Error § 57— insufficiency of evidence and findings — remand

An action to enforce restrictive covenants is remanded so that proper findings of fact can be entered based upon sufficient evidence where the record contains insufficient evidence to support all of the necessary findings of fact, and the facts found do not support the conclusions of law and the judgment.

APPEAL by defendants from *Ervin, Judge,* 13 September 1971 Session of Superior Court held in RUTHERFORD County.

This action was instituted 25 September 1970 seeking a mandatory injunction requiring the defendants to remove house trailers located within the boundaries of a subdivision known as Piney Ridge Acres Sub-Division. The plaintiffs contended that certain restrictive covenants applicable to the subdivision were being violated by the defendants locating house trailers in the subdivision. Two of the defendants, namely, Hamrick and Guy, in their answer, admitted that they own and had placed house trailers upon their property within the subdivision.

The defendants denied any violation of the restrictions and contended that the restriction prohibiting house trailers within the subdivision had been amended in accordance with the pro-

visions of the restrictions. The plaintiffs in a reply asserted that the amendment to the restrictions was invalid and should be declared null and void.

The case was transferred from the district court division to the superior court division of the General Court of Justice by order of Judge Ervin dated 20 September 1971.

The case was heard by Judge Ervin in the superior court at the 13th September 1971 Session. No evidence was introduced, and the following stipulations were presented to Judge Ervin:

"1. That if each individual whose name appears as a Grantee in any Deed to the property in this subdivision is counted as one recorded owner of a lot, that is, if the Grantees are counted on a per capita basis, that 60% or more of the 'recorded owners of lots in this subdivision' have executed the purported release of Restriction No. 8 in the document entitled 'Restrictions' and recorded in Book 270, Page 238 in the Rutherford County Registry.

2. That if each lot is counted as an individual lot and if one lot, regardless of the number of individuals whose names may appear as Grantees in the Deed to said lot, is to be counted as one unit and if this is what is meant by the term 'recorded owners of lots in this subdivision' as used in the restrictions, then 60% or more of the 'recorded owners of lots in this subdivision' have not executed the aforementioned release of restrictions.

3. It is stipulated and agreed that no house trailer presently located upon said premises has more than 1,000 square feet of heated floor space.

4. It is stipulated and agreed that the restrictions applying to the Piney Ridge Subdivision and recorded in the Register of Deeds Office, Book 270, Page 238, were prepared by George R. Morrow, Attorney for the Defendants, by and for the benefit of defendants, Ralph and Macie Morrow, J. Austin and Maude Hamrick and other owners."

Judge Ervin entered a judgment dated 14 December 1971, filed 16 December 1971, which recited the above stipulations and then provided:

"The court found as a fact that the term 'owners of lots' meant stipulation No. 2 was the proper method of

Littlejohn v. Hamrick

determining recorded owners of lots in this subdivision and therefore 60% or more of the recorded owners of lots in the subdivision have not executed the release of restrictions; that the term 'recorded owners of lots' in this subdivision as stated in covenant No. 12 of the restrictive covenants is ambiguous; that the restrictive covenants should be strictly interpreted against the maker of the instrument and that the ambiguity should be resolved in favor of the plaintiffs; that the proposed amendment should be and is hereby declared null and void; that restrictive covenant No. 8 is in full force and effect; that the defendants should be required to move their mobile homes or house trailers from within the boundaries of the Piney Ridge Sub-Division as they are in violation of restrictive covenant No. 8 and restrictive covenant No. 2 which requires 'all dwelling houses shall not have less than one thousand (1,000) square feet of heated floor space;' that lot No. 27 was purchased by Tyson K. Guy and wife, Jeanette H. Guy, and recorded prior to the recording of the restrictive covenants for the Piney Ridge Sub-Division and is hereby excluded from the terms and conditions of the restrictive covenants.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants remove all their mobile homes or house trailers from within the Piney Ridge Sub-Division boundary, except Lot No. 27, or, if not owned, take whatever action is necessary to enforce the restrictive covenants, within thirty (30) days of the signing of this Judgment and if the defendants fail to comply with this order within the specified time, then the Sheriff of Rutherford County shall remove the mobile homes or house trailers from the boundaries of the Piney Ridge Sub-Division and the defendants shall pay the costs of their removal, the Sheriff shall proceed as in an execution of judgment sale and the proceeds applied first to the costs of the sale, then to the costs of the action and the remainder to the Clerk of the Superior Court to be dispersed to those showing themselves entitled thereto. The Clerk of the Superior Court of Rutherford County, North Carolina, shall tax the costs of this action to the defendants. It is further ordered that a copy of this Judgment be certified to and recorded by the Register of Deeds of Rutherford County, and that said Register of Deeds make an entry on the margin of the

purported release of Restriction No. 8, in Book 331, Page 287, Rutherford County Registry, specifically referring to the Book and Page in which this Judgment is recorded."

From the entry of this judgment, defendants appealed.

*Robert G. Summey for plaintiff appellees.*

*George R. Morrow and James H. Burwell, Jr., for defendant appellants.*

CAMPBELL, Judge.

We note that this case was docketed late, but a petition for certiorari in lieu of an appeal has been granted and therefore we will consider the appeal on its merits rather than dismissing it.

The judgment entered in this case does not comply with Rule 52 of the Rules of Civil Procedure (G.S. 1A-1, Rule 52). This Rule provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the Court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

As stated in *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971):

"In cases in which the trial court passes on the facts, the court is required ' "to do three things in writing: (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising on the facts found; and (3) to enter judgment accordingly." . . . Where facts are found by the court, if supported by competent evidence, such facts are as conclusive as the verdict of a jury.' "

In the instant case issues of fact were joined on the pleadings which the stipulations do not cover. For instance, the reply filed by the plaintiffs raised the question of the validity of the amendment to the restrictions. The stipulations do not pertain to this issue, and there is nothing in the judgment determining it.

There was no evidence introduced, and the stipulations being insufficient to support all of the necessary findings of

fact, it is necessary that this case be remanded so that proper findings of fact can be entered based upon sufficient evidence.

Not only does the record in this case contain insufficient evidence to support proper findings of fact, but the facts found do not support the conclusions of law made, and the judgment itself is not supported by findings of fact. For example, the judgment orders all defendants indiscriminately to remove all house trailers or mobile homes from the subdivision with the exception of those on Lot 27. There is no finding that all of the defendants own house trailers or mobile homes. Yet a defendant who does not own a house trailer or mobile home is required to remove them from the subdivision whether such defendant does or does not have an interest in such house trailer or mobile home.

The restrictions referred only to house trailers and yet the judgment, without any evidence or finding of fact, treats house trailers as synonymous with mobile homes. This may or may not be true.

Since this case must go back to the trial court for a new trial, we will refrain from further comment on the judgment entered.

New trial.

Chief Judge MALLARD and Judge BRITT concur.