AUBREY AIKEN v. ROBERT L. COLLINS AND WIFE, EDNA DARE COLLINS, AND ALFRED W. FORD AND WIFE, EMILIE FORD

No. 7228DC659

(Filed 22 November 1972)

1. **Rules of Civil Procedure §§ 41, 50— involuntary dismissal — directed verdict — failure to make findings of fact — dismissal proper**

   The trial court committed no prejudicial error in granting one defendant's motion for directed verdict under Rule 50(a), though the proper motion should have been one for involuntary dismissal under Rule 41(b) and though no findings of fact were made with respect to the motion, since the findings that were made established that plaintiff had shown no right to relief as against either defendant.

2. **Appeal and Error § 28— broadside exception — face of record reviewed**

 Plaintiff's objection to the signing of the judgment and exception "to each of the findings of fact and conclusions of law" therein presented the face of the record for review, but no error appeared thereon.

3. **Brokers and Factors § 6— sale by homeowner — broker not entitled to commission**

 Plaintiff broker was entitled to no compensation for sale of defendant owner's home by defendant to purchaser procured by plaintiff where plaintiff was to receive compensation only for amounts for which he might sell the property in excess of $25,000, where the purchaser procured by plaintiff was willing to pay only $24,000 and where there was no evidence tending to show that plaintiff was in any way prevented from making a sale by any fault of defendant.

APPEAL by plaintiff from *Allen, Chief District Judge,* 7 February 1972 Non-jury Session of District Court held in BUNCOMBE County.

Civil action to recover $2,400.00 allegedly due plaintiff, a licensed real estate broker, by reason of the sale of land by defendant Collins and wife to defendant Ford and wife. The action was dismissed as to the purchasers, Ford and wife, for plaintiff's failure to state a claim upon which relief could be granted as to them, and no question concerning the dismissal of the action as to defendants Ford is presented by this appeal. Plaintiff's action against defendant Collins and wife was heard by the court without a jury. The court entered judgment which contains the following:

 "Upon the trial of this case, at the conclusion of plaintiff's evidence, the defendants moved for a directed verdict, dismissing this action, which said motion was allowed as to the defendant, EDNA DARE COLLINS, and was denied as to the defendant, ROBERT L. COLLINS.

 "After having heard and considered all of the evidence offered by the plaintiff and defendant, ROBERT L. COLLINS, The Court finds the following facts:"

The judgment then contains detailed findings of fact including, in substance, the following:

In May 1969 defendant Robert L. Collins entered into a contract with plaintiff by which he listed the lands described in the complaint with the plaintiff for sale. By the terms of the

contract Collins authorized plaintiff to sell said property for the sum of $25,000.00, of which $3,000.00 was to be payable in cash, and the balance to be paid by purchase money note payable in monthly installments secured by a deed of trust. As compensation for the making of such sale, the plaintiff was to receive all amounts for which he might sell said property in excess of the sum of $25,000.00. Plaintiff never procured a purchaser for the property who was willing to pay a sum in excess of $25,000.00 with a cash down payment of $3,000.00. In November 1969, plaintiff tendered to the defendants for their execution a contract of sale by the terms of which the property was to be sold to Ford and wife for $24,000.00, of which $3,000.00 was to be paid in cash and the balance in monthly installments of $100.00 each, which contract was accompanied by a letter advising defendant, Robert L. Collins, that plaintiff would charge a commission of 10% of the total sales price, to be deducted from the cash down payment of $3,000.00; defendant Collins did not sign or accept this contract. In August 1970, defendants sold the lands to Ford and wife for the sum of $24,000.00, of which $3,000.00 was paid in cash and the balance was represented by a purchase money note payable in monthly installments of $125.00. Plaintiff failed to consummate the contract entered into with the defendant, Robert L. Collins, during the month of May 1969.

Thereupon, the court adjudged that plaintiff was entitled to recover nothing of the defendant, Robert L. Collins, and taxed the costs against the plaintiff. To the signing of this judgment, plaintiff excepted and appealed.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Paul J. Story and Charles M. Brown, Jr., for defendant appellees.*

PARKER, Judge.

[1] Appellant first assigns as error the judgment "allowing the directed verdict in favor of the defendant Edna Dare Collins at the close of the evidence." A motion for directed verdict under G.S. 1A-1, Rule 50(a) of the Rules of Civil Procedure is appropriate when trial is held before a jury. When trial is by the court without a jury, the appropriate motion by which a defendant may test the sufficiency of plaintiff's evidence to show a right to relief is a motion for involuntary dismissal

as provided for in G.S. 1A-1, Rule 41(b). This rule contains the following:

> "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. *If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."* (Emphasis added.)

Since the present case was tried by the court without a jury, defendant's motion should properly have been made under Rule 41(b), and before granting the motion as to either defendant, the trial court should have followed the directive in Rule 41(b) and made findings of fact as provided in Rule 52(a). However, in this case the dismissal of plaintiff's action as to the defendant, Edna Dare Collins, prior to making any findings of fact, resulted in no prejudice to plaintiff. In any event the court did proceed to make findings of fact, which are fully supported by the evidence, and under these findings plaintiff has shown no right to relief as against either defendant.

[2] The evidence indicates, though the trial court made no findings with respect thereto, that title to the land in question was vested solely in the defendant, Robert L. Collins, and that the defendant, Edna Dare Collins, neither held title to the land nor entered into any contract with the plaintiff respecting a sale thereof. If it was for this reason that the trial judge granted the motion to dismiss as to the defendant, Edna Dare Collins, then the court should properly have followed the directive of Rule 41(b) and made findings with respect to such matters. However that may be, plaintiff has suffered no prejudice, since, as above noted and as hereinafter discussed, the findings as actually made by the court establish that plaintiff has shown no right to relief as against either defendant. Accordingly, we proceed to consideration of appellant's second and only remaining assignment of error, which is directed to the judgment awarding plaintiff nothing from the defendant, Rob-

ert L. Collins. The exceptions upon which this assignment of error is based are those contained in the appeal entries in which plaintiff objected to the signing of the judgment and excepted "to each of the findings of fact and conclusions of law" therein.

> "An exception to the findings of fact and conclusions of law and the judgment of the court, without exception to a particular finding, is a broadside exception which does not present for review the admissibility of the evidence on which the findings were made or the sufficiency of the evidence to support the findings." 1 Strong, N. C. Index 2d, Appeal and Error, § 28, p. 157.

Such an exception is, however, "sufficient to present the record proper for review and to raise the question whether error of law appears on the face of the record." *In re Appeal of Broadcasting Corp.*, 273 N.C. 571, 160 S.E. 2d 728. "An appeal is itself an exception to the judgment and to any matter appearing on the face of the record proper." 1 Strong, N. C. Index 2d, Appeal and Error, § 26, p. 152. This includes the question whether the facts found support the judgment. *Sternberger v. Tannenbaum*, 273 N.C. 658, 161 S.E. 2d 116. In the case before us the facts found do support the judgment and no error appears on the face of the record.

> " 'It is established law in this jurisdiction that a real estate broker is not entitled to commissions or compensation unless he has found a prospect, ready, able and willing to purchase in accordance with conditions imposed in the broker's contract.' *Sparks v. Purser*, 258 N.C. 55, 127 S.E. 2d 765. Therefore, for a broker to recover he must establish (1) a binding contract and (2) performance on his part." *Thompson-McLean, Inc. v. Campbell*, 261 N.C. 310, 313, 134 S.E. 2d 671, 674.

Here, the trial court found the facts concerning the terms of the contract under which defendant's property was listed for sale with the plaintiff and found as a fact that plaintiff failed to perform that contract.

[3] It is true, of course, that as a general proposition "if property is placed in the hands of a broker for sale at a certain price, and a sale is brought about through the broker as a procuring cause, he is entitled to commissions on the sale even though the final negotiations are conducted through the owner,

Aiken v. Collins

who, in order to make a sale, accepts a price less than that stipulated by the broker." Annot., Broker—Sale by Owner at Lower Price, 46 A.L.R. 2d 848, § 3, p. 852. This is so because "[t]he law does not permit an owner 'to reap the benefits of the broker's labor without just reward' if he has requested a broker to undertake the sale of his property and accepts the results of services rendered at his request. In such case, in the absence of a stipulation as to compensation, he is liable for the reasonable value of those services." *Realty Agency, Inc. v. Duckworth & Shelton, Inc.,* 274 N.C. 243, 162 S.E. 2d 486. In the present case, however, the trial court found that there was an express understanding as to plaintiff's compensation under which he was to receive compensation only for amounts for which he might sell the property in excess of the sum of $25,000.00. This brings the present case within the exception to the general rule, which our Supreme Court recognized in *Thompson v. Foster,* 240 N.C. 315, 82 S.E. 2d 109, to the effect that "when the contract between the broker and his principal expressly makes the payment of commissions dependent on the obtaining of a certain price for the property the broker cannot recover, even though the owner sells at a lower price to a person to whom the broker has first shown the property, unless the broker is prevented from making the sale by the fault of the principal." Annot., 46 A.L.R. 2d 848, § 5, p. 859. There was no evidence in the present case even tending to show that plaintiff was ever able to produce a purchaser who was ready, able and willing to purchase defendant's land in accordance with the conditions imposed in the contract under which the land was listed with the plaintiff, nor was there any evidence tending to show that plaintiff was in any way prevented from making such a sale by any fault of defendants.

While, as previously noted, appellant's assignments of error do not present for our review on this appeal any question as to the competency or sufficiency of the evidence to support the trial court's findings of fact, from a review of the entire record we observe that these findings are fully supported by plaintiff's own testimony. The judgment appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.