C. D. AYERS AND MRS. C. D. AYERS v. TOMRICH CORPORATION, DEFENDANT AND THIRD PARTY PLAINTIFF v. GEORGE W. SPARKS CONSTRUCTION COMPANY, INC., THIRD PARTY DEFENDANT

No. 7221DC271

(Filed 17 January 1973)

1. Waters and Watercourses § 1— lower landowner — surface waters — dirt and rocks

While a lower landowner is required to receive surface waters from higher lands when they flow naturally therefrom, he is not required to receive from the higher land dirt and rocks, or other materials, which have been piled thereon by the upper landowner and which, in the natural condition of the lands, would not be carried by the normal flow of surface waters from the upper to the lower tracts.

2. Waters and Watercourses § 1— damage to lower land — dirt and rocks — surface water

Plaintiffs' evidence was sufficient to support their claim for damage to their pasture where it tended to show that water from a heavy rain carried dirt and rocks onto plaintiffs' pasture from a high embankment constructed on defendant's adjoining land; however, plaintiffs' evidence was insufficient to support their claim for destruction of a bridge on their land where it tended to show only that the destruction of the bridge was caused by the flow of water, rather than by the encroachment of mud and rocks, onto plaintiffs' land, and that the flow of surface water onto their land was accelerated by construction of the embankment, but there was no showing that the flow of such water was diverted from its natural flow.

APPEAL by defendant from *Clifford, District Judge,* 8 September 1971 Session of District Court held in FORSYTH County.

This is a civil action to recover for damages to plaintiffs' land allegedly caused by wrongful diversion of water and mud from defendant's adjoining property onto plaintiffs' property. In their complaint, plaintiffs alleged that the diversion of water by defendant caused the destruction of a bridge on plaintiffs' land and caused water and mud from defendant's property to come down onto plaintiffs' pasture.

Defendant filed answer denying the material allegations of plaintiffs' complaint. Defendant also asserted a third party complaint against George W. Sparks Construction Company, Inc. (Sparks) and Great American Insurance Company (Great American), alleging in pertinent part the following: Prior to the date of plaintiffs' alleged damage, defendant entered into a contract with Sparks whereby Sparks agreed to grade defendant's property; that any damage to plaintiffs' property was caused by Sparks. Great American executed a bond indemnifying defendant against all claims arising from the performance of Sparks's contract with defendant. Defendant is entitled to recover from Sparks and Great American any amounts which plaintiffs might recover from defendant, together with expenses, including attorney fees.

Before trial of the action, pursuant to motion and a hearing, summary judgment was entered in favor of Great American; no appeal was taken from that judgment. Following the presentation of all the evidence at trial, the court entered judgment allowing Sparks's motion for dismissal and there is no appeal from that judgment.

Jury trial was waived. The court entered judgment finding as facts that "[d]efendant damaged plaintiffs by piling dirt over 30 feet high approximately two feet from plaintiffs' real property . . . and allowed dirt, water, mud and rocks to come upon plaintiffs' real property when it rained from the said dirt pile and so diverted the natural flow of water so that it came upon plaintiffs' land and damaged plaintiffs' pasture and destroyed plaintiffs' bridge." On these findings, the court adjudged plaintiffs should recover of defendant $1,850.00 plus costs. Defendant appealed.

*Billings & Graham by William T. Graham for plaintiff appellees.*

*Powe, Porter & Alphin, P.A., by William G. Harriss for defendant appellant.*

PARKER, Judge.

Defendant assigns as error (1) the failure of the trial court to grant its motions for directed verdict interposed at the close of plaintiffs' evidence and renewed at the conclusion of all the evidence, and (2) the signing of the judgment "due to insufficient evidence to support the findings of fact and the award of damages" set forth in the judgment.

A motion for a directed verdict is proper only in a jury trial. See Rule 50(a). *Bryant v. Kelly,* 279 N.C. 123, 181 S.E. 2d 438. Where, as here, the case is tried without a jury, the appropriate motion by which a defendant may test the sufficiency of plaintiffs' evidence to show a right to relief is a motion for involuntary dismissal under Rule 41(b). *Aiken v. Collins,* 16 N.C. App. 504, 192 S.E. 2d 617. Though defendant's motions were mislabeled, we shall treat them as motions for involuntary dismissal under Rule 41(b). *Mills v. Koscot Interplanetary,* 13 N.C. App. 681, 187 S.E. 2d 372.

> "In ruling on a motion to dismiss under Rule 41(b), applicable only 'in an action tried by the court without a jury,' the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover." *Knitting, Inc. v. Yarn Co.,* 11 N.C. App. 162, 180 S.E. 2d 611.

In the instant case, the evidence and admissions in pleadings tended to show:

For some 23 years prior to the trial, plaintiffs had owned and lived on a two and one-half acre tract of land located on the western side of Cherry Street Extension in or near the City of Winston-Salem. Their home faced Cherry Street Extension and back of the home a branch ran through their land in a generally north and south direction. Some 10 or 12 years prior to the trial, plaintiffs had removed the trees from the land across the branch from their home and made a pasture of that portion of their land. Near the branch in the pasture they constructed a small barn and near the barn they constructed a bridge across the branch. The bridge was made of concrete blocks reinforced with iron rods, and galvanized sheet iron covered with dirt provided the top of the bridge. Defendant acquired

title to the land west of plaintiffs' land. The terrain of plaintiffs' land was such that the branch was considerably lower than Cherry Street Extension and approximately fifty feet lower than defendant's adjoining land.

Prior to June of 1970 there was a small ditch on and near the boundary between the lands of plaintiffs and defendant, the ditch being mostly on defendant's land. The ditch was from two and one-half feet to four feet deep and carried water to "the holler and then down in the branch." During 1970 and particularly during June, July and August of that year, defendant was in the process of preparing a large tract of land, including its land adjoining plaintiffs, for a residential subdivision. Defendant filled up the aforesaid ditch and constructed a dirt embankment from 20 to 50 feet high immediately west of plaintiffs' property line. The embankment and elimination of the ditch caused rainwater to run down onto plaintiffs' pasture; the water carried dirt and rocks from the dirt embankment on defendant's land onto plaintiffs' pasture, ruining much of the grass in the pasture and causing a five inch buildup of silt and rocks around plaintiffs' barn.

On 30 October 1970 a very heavy four or five inch rain fell in the area. The branch overran and large quantities of water came down the hill from defendant's property. A part of the water coming from defendant's land gravitated around the barn and onto the edge of the bridge where it eroded dirt on its way to the branch. Early that evening the bridge collapsed and was completely destroyed.

We hold that the evidence was sufficient to survive the defendant's motions for dismissal. Plaintiffs were seeking recovery for damage to their pasture and destruction to their bridge. While, as hereinafter discussed, the evidence was not sufficient to support the claim for destruction of the bridge, it was sufficient to support the claim for damage to the pasture. The defendant's motions were to dismiss plaintiffs' entire claim. Since upon the facts and the law the plaintiffs showed some right to relief, defendant's motions for dismissal were properly denied. However, we further hold that defendant's exception to the judgment was well taken, as the evidence does not support that part of the judgment awarding recovery for destruction of the bridge.

[1, 2] The evidence shows that the damage to plaintiffs' bridge was caused by water, while the damage to their pasture

---

Ayers v. Tomrich Corp.

---

resulted from the loose dirt, mud, and rocks which were deposited thereon and which came from the high embankment constructed on defendant's land. While, as hereinafter noted, the lower landowner is required to receive surface waters from higher lands when they flow naturally therefrom, he is not required to receive from the higher land dirt and rocks, or other materials, which have been piled thereon by the upper landowner and which, in the natural condition of the lands, would not be carried by the normal flow of surface waters from the upper to the lower tracts. The evidence supports the trial court's finding that this occurred in the present case. This finding in turn supports the judgment insofar as it holds defendant liable for the resulting damage to plaintiffs' pasture. We note that the record in this case presents no question of permanent, as opposed to recurring, damages, as was presented in *Bradley v. Texaco, Inc.*, 7 N.C. App. 300, 172 S.E. 2d 87.

We now turn to that portion of the judgment which allowed recovery for damage to plaintiffs' bridge, which the evidence indicates was caused by the flow of water, rather than by encroachment of mud and rocks, onto plaintiffs' land. On this question, while numerous cases relating to the rights and duties of adjoining property owners regarding surface waters have reached our Supreme Court, it appears that *Davis v. R.R.*, 227 N.C. 561, 42 S.E. 2d 905 is nearest in point to the case at bar. In *Davis,* the jury instructions challenged included the following:

"I charge you, Gentlemen of the Jury, that under the law when one owns or occupies lower lands, he must receive waters from higher lands when they flow naturally therefrom. There is a principle of law to the effect that where two tracts of land join each other, one being lower than the other, that the lower tract is burdened with an easement to receive waters from the upper tract, which naturally flow therefrom.

"I charge you further that the owner, or one in charge of the higher lands or premises, may increase the natural flow of water, and may accelerate it, but cannot divert the water and cause it to flow upon the lands of the lower proprietor in a different manner, or in a different place from which it would naturally go. . . . "

Finding no error in the trial, the Supreme Court held that the instruction was supported by numerous authorities. For an

Ayers v. Tomrich Corp.

excellent Note on "Disposition of Diffused Surface Waters in North Carolina" see 47 N.C.L. Rev. 205 (1968).

Applying the principle approved in *Davis,* while the evidence in the instant case showed that the flow of surface water from defendant's land onto plaintiffs' land was *accelerated* by the construction of the embankment, there was no showing that the flow of said water was *diverted* from its natural flow. Plaintiffs stress the fact that defendant eliminated a ditch that theretofore had kept water from defendant's land from flowing onto plaintiffs' land. It has been held that the word "ditch" has no technical or exact meaning; it may mean a hollow or open space in the ground, *natural* or *artificial,* where water is collected or passes off. *Sherrod v. Battle,* 154 N.C. 345, 70 S.E. 834. Plaintiffs had the burden of showing that the water from defendant's land was diverted from following its *natural* course.

The record on appeal contains some 16 excellent photographs, marked as plaintiffs' exhibits, purporting to show plaintiffs' property and the embankment constructed by defendant. The photographs, however, are of little value to plaintiffs' case. Those identified by the witness, Chris Ayers, were admitted for the limited purpose of illustrating testimony, but there is very little testimony to which they are related. Other photographs were identified but never introduced into evidence.

Although the record contains a statement by the trial court as to the amount awarded for damage to the pasture and the amount awarded for destruction of the bridge, this was not incorporated in the written judgment signed by the trial judge, and in the exercise of our discretion, we set aside the judgment and award a new trial on all issues raised by the pleadings as between plaintiffs and defendant. *Jenkins v. Hines Co.,* 264 N.C. 83, 141 S.E. 2d 1.

New trial.

Judges BRITT and HEDRICK concur.