Luther v. Hauser

New trial.

Judges CAMPBELL and BRITT concur.

———————

JANE S. LUTHER v. WILLIAM K. HAUSER, T/A SOUTHEASTERN
CONSTRUCTION CO.

No. 741DC583

(Filed 4 December 1974)

1. **Landlord and Tenant § 19— action for past due rent — sufficiency of complaint**
    Plaintiff's complaint in an action to recover past due rent gave defendant sufficient notice of the transactions to enable defendant to understand the nature and basis of the claim.

2. **Landlord and Tenant § 19; Payment § 3— application of payments to past due rent**
    Rental checks not earmarked by the tenant for application to a particular month's rental were properly applied by the landlord to past due rental claims; therefore, there is no merit in the tenant's contention that he is not liable for back rent because payments made during the preceding three years were sufficient to pay the rent for those years and should have been applied to the rent for those years rather than to back rent, and because any action for rent for prior years was barred by the statute of limitations.

APPEAL by defendant from *Walker, Judge,* 4 March 1974 Session of District Court held in PASQUOTANK County. Heard in the Court of Appeals 12 November 1974.

This is a civil action to recover past due rent. Plaintiff's complaint was filed 29 June 1972, and the case was tried without a jury. From a judgment awarding plaintiff $1,380, defendant appealed.

Plaintiff's evidence tended to show that she was the owner of the premises designated as 1203A Hillsborough Street, Raleigh, Wake County, North Carolina; that through her agent, the Faucette Realty Company, plaintiff leased a portion of the building on the premises to the defendant in June 1962, at a monthly rental of $80 in advance; that the monthly rental was raised to $120 in March 1963, when the defendant took over the basement area of the building which he previously had not occupied; and that the monthly rental was raised to $130 in

May 1970, when the defendant took over additional space which he previously had not occupied. Other evidence introduced by the plaintiff tended to show that between July 1965 and December 1969 the defendant became in arrears in his payment of rent by a substantial amount; that after December 1969 defendant paid the monthly rental and occasionally made an additional payments to reduce the arrears in his rent; that on 1 March 1972, defendant wrote plaintiff's rental agent, the Faucette Realty Company, that he would "be willing to pay $120.00 and $30.00 on back rent as long as I stay here per month" but that the defendant vacated the premises in June 1972, and remains in arrears in the payment of back rent by $1,560.

Defendant introduced certain exhibits into evidence but offered no testimony. His motions for dismissal pursuant to Rule 41(b) and for judgment notwithstanding the verdict pursuant to Rule 50(b) were denied.

Additional facts necessary for decision are set forth in the opinion.

*Twiford, Abbott & Seawell, by C. Everett Thompson, for plaintiff appellee.*

*Carl E. Gaddy, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error relates to the denial of his motions to dismiss pursuant to Rule 41(b) at the conclusion of the plaintiff's evidence and at the conclusion of all of the evidence. He maintains that plaintiff's cause of action should be dismissed for the following reasons:

1. The complaint is totally insufficient to state a cause upon which relief could be granted.

2. The plaintiff's claim is barred by the statute of limitations.

We find no merit in defendant's first contention.

"Under the 'notice theory of pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted 'to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata,* and to show the type of case brought. . . .' Moore § 8.13. 'Mere vagueness or lack of detail is not ground

Luther v. Hauser

for a motion to dismiss.' Such a deficiency 'should be attacked by a motion for a more definite statement.' Moore § 12.08 and cases cited therein." *Sutton v. Duke,* 277 N.C. 94, 102, 176 S.E. 2d 161 (1970).

On the basis of the foregoing authority, defendant's contention that "the complaint in this action does not give sufficient notice of the transactions to enable the defendant to understand the nature of it and the basis of it" as required by G.S. 1A-1, Rule 8(a), is without merit. Plaintiff's complaint appears to give notice of the nature and basis of plaintiff's claim, the type of case brought and generally to allege that a lease agreement was entered into by the parties and subsequently breached by nonpayment of rent. If the defendant desired more specific information, he should have moved for a more definite statement pursuant to Rule 12(e) or filed interrogatories pursuant to Rule 33.

[2]  Defendant next contends it was error to deny his motion to dismiss since plaintiff's claim was barred by the three-year statute of limitations set forth in G.S. 1-52. Under this statute, any action by the plaintiff for rent due and payable before 29 June 1969 would be barred since plaintiff's complaint was not filed until 29 June 1972.

Evidence adduced at the trial shows that the defendant paid plaintiff the following amounts between 1962 and 1972:

| YEAR | RENT DUE | RENT PAID | DIFFERENCE |
|------|----------|-----------|------------|
| 1962 | $ 520 | $ 520 | |
| 1963 | 1360 | 1360 | |
| 1964 | 1440 | 1440 | |
| 1965 | 1440 | 1320 | ($120) |
| 1966 | 1440 | 960 | ($480) |
| 1967 | 1440 | 840 | ($600) |
| 1968 | 1440 | 1320 | ($120) |
| 1969 | 1440 | 960 | ($480) |
| 1970 | 1520 | 1900 | $380 |
| 1971 | 1560 | 1560 | |
| 1972 | 750 | 810 | $ 60 |
| | | | ($1360) |

---

---

Between 29 June 1969 and 29 June 1972 defendant paid plaintiff the following amounts:

| YEAR | RENT DUE | RENT PAID | DIFFERENCE |
|------|----------|-----------|------------|
| 1969 | $ 720 | $ 480 | ($240) |
| 1970 | 1520 | 1900 | $380 |
| 1971 | 1560 | 1560 | |
| 1972 | 750 | 810 | $ 60 |
| | | | $200 |

Defendant contends that if the amounts received from him during the years 1969, 1970, 1971 and 1972 had been applied to the payment of rent for those years, he could not have owed any rent for those years and that under G.S. 1-52 any action for rent for months in prior years would be barred by the three-year statute of limitations. We agree that if the amounts received from the defendant during the years 1969, 1970, 1971 and 1972 had been applied to the payment of rent for those years, defendant would not owe any back rent for those years and any claim for back rent for prior years would be barred by G.S. 1-52. However, the record does not show that payments received by the plaintiff were applied to rent due in those years. To the contrary, plaintiff's evidence shows that payments received in those years were first applied to back rent from prior years. Some of the checks received from the defendant were earmarked for application to a particular month's rental, but others were not. We are of the opinion, and so hold, that where the tenant fails to direct application of his rental payments, the landlord may apply them to whichever past due rental claims he pleases.

> "The application of rental payments may be controlled by a direction from the tenant or the contract or custom of the parties. However, *in the absence of any direction from the tenant or agreement of the parties as to the application of a voluntary payment as between a number of claims for rent, the landlord may ordinarily apply the payment to whichever claim he pleases.*" (Emphasis supplied.) 52 C.J.S., Landlord and Tenant, § 544, p. 530; *accord, 2765 Ocean Ave. v. Roth,* 33 N.Y.S. 2d 418 (1942), *Page v. Wilson,* 150 Pa. Super. 427, 28 A. 2d 706 (1942). *Cf.* 6 Strong, N. C. Index, Payments, § 3, p. 239.

The record shows that several rental checks received from the defendant were earmarked for application to a particular

month's rental and, therefore, would have to be applied to the months designated. C.J.S., supra. The record, however, also indicates that several checks were not earmarked for application to a particular month, but the record is devoid of evidence as to the number of checks of this nature received. We, therefore, find it necessary to remand this case for findings as to the number of checks not specifying the month to which they were to be applied. To the extent rental checks were not earmarked for application to a particular month, such checks could be applied to rent due for months in prior years.

We also find it necessary to remand this case for findings of fact. In his final assignment of error defendant contends it was error for the trial judge to fail to find facts and make conclusions of law as required by G.S. 1A-1, Rule 52(a). We agree. G.S. 1A-1, Rule 52, provides as follows:

"(a) *Findings.* —

(1) In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

Thus, it seems clear that "[i]n cases in which the trial court passes on the facts, the court is required '·"to do three things in writing: (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising on the facts found; and (3) to enter judgment accordingly." . . . ' " *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971) ; *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972) ; *Littlejohn v. Hamrick,* 15 N.C. App. 461, 190 S.E. 2d 299 (1972).

For the trial judge's failure to find facts and for the reasons previously stated, this case is remanded.

Remanded.

Judges CAMPBELL and VAUGHN concur.