JOHN T. CAMPBELL, JR. T/A JOHN T. CAMPBELL, JR. GENERAL CONTRACTOR v. JOHN GRAY BLOUNT AND WIFE MARY BOWEN BLOUNT

No. 742SC555

(Filed 2 January 1975)

1. **Quasi Contracts § 1— abandonment of contract provision — recovery on quantum meruit**

    Where the evidence warranted a finding by the court that the conduct of the parties indicated that they had abandoned a provision of their contract for construction of a home requiring an agreement as to the price for extra work or changes in the work before the work was done, the trial court properly allowed recovery for the changes on the basis of quantum meruit or implied contract.

Campbell v. Blount

2. **Contracts § 27; Rules of Civil Procedure § 52— action on contract — court's failure to make sufficient findings of fact**

In an action to recover the balance allegedly due for the construction of a house which was heard by the court without a jury, the trial court erred in failing to make findings of fact with respect to whether certain items represented changes requested by defendants or were required by the contract, and whether defendants were entitled to credit for certain items which they paid for and for expenditures they made to complete the house. G.S. 1A-1, Rule 52.

APPEAL by defendants from *Perry Martin, Judge,* 18 February 1974 Civil Session of Superior Court held in BEAUFORT County.

In this action plaintiff, a building contractor, attempts to recover the balance allegedly due him by defendants for the construction of a home for defendants. In his complaint, plaintiff alleges that the parties entered into a written contract with respect to construction of the home; that pursuant to the contract, together with change orders brought about by defendants, defendants were obligated to pay plaintiff $54,039.41; that defendants have paid $45,000, leaving a balance of $9,039.41 due plaintiff; that plaintiff within the time provided by law, has filed a notice of lien against the real estate. Plaintiff asked for judgment for the balance due, plus interest, and that the amount awarded be declared a lien on the real estate.

The feme defendant filed answer denying all material allegations of the complaint. The male defendant filed answer admitting that he entered into a written contract with plaintiff and that he paid plaintiff $45,000, but denied that plaintiff is entitled to collect any additional amount. In a further defense and counterclaim, the male defendant contended that plaintiff failed to complete the home, that he (the male defendant) had to complete the home and had to pay certain bills for materials that plaintiff should have paid; he asked for judgment against plaintiff in amount of $3,510.

Jury trial being waived, the cause was heard without a jury. Following a trial, at which all parties presented evidence, the court entered judgment setting forth certain findings of fact and conclusions of law and providing that plaintiff recover of defendants the sum of $6,600.72 without interest. Defendants appealed.

*Wilkinson and Vosburgh, by James R. Vosburgh, for plaintiff appellee.*

*McMullian, Knott & Carter, by Lee E. Knott, Jr., for defendant appellant.*

BRITT, Judge.

In their first and sixth assignments of error, defendants contend the court erred in allowing a recovery based on quantum meruit. We reject this contention.

The evidence tended to show: On 29 March 1972, following negotiations, plaintiff and the male defendant executed a document entitled "DESCRIPTION OF MATERIALS" setting forth detailed specifications for labor and materials for the home. Defendants also provided plaintiff with detailed drawings or blueprints and soon after 29 March 1972, plaintiff began construction. On or about 3 May 1972, after plaintiff had performed considerable work, plaintiff and the male defendant entered into a written contract. Among other things, the contract provided that plaintiff would furnish all labor and materials necessary to construct the home according to the provisions of the contract and the specifications aforesaid, and that the male defendant would pay plaintiff $47,000, payable in installments at certain specified stages of construction. The contract also contained the following provision:

> 6. Without invalidating the contract, the owner may order extra work or make changes by altering, adding to or deduction [sic] from the work. Any adjustments on the price necessary for such change shall be agreed to by the Owner and the Contractor before the work is executed.

During the course of construction, at the request of defendants, numerous changes in construction were made but the parties at no time followed the procedure set forth in paragraph 6 of the contract above quoted. With respect to each change, plaintiff has prepared a "change order" which purports to set forth the cost of materials and labor attributed to the change; he added ten percent to the cost of labor and materials for each change as his profit. At trial plaintiff introduced 33 change orders and the amounts shown thereon aggregate $6,039.31. Plaintiff contended that defendants also owed him a balance of $3,000 on the contract price. The court concluded that plaintiff is entitled to recover on quantum meruit for the changes but is

not entitled to recover "profit" on the changes. The court also concluded that defendants were entitled to certain credits, and the amount awarded represents the amount claimed by plaintiff less $903.41 "profit" and less certain credits which the court allowed.

In *Concrete Co. v. Lumber Company,* 256 N.C. 709, 713-4, 124 S.E. 2d 905 (1962), the court, quoting from Am. Jur., said: " . . . There cannot be an express and an implied contract for the same thing existing at the same time. It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be implied where there is an express one existing. . . . " (Citations omitted.) However, in *Bixler v. Britton,* 192 N.C. 199, 201, 134 S.E. 488 (1926), the court said: "A written contract may be abandoned or relinquished: (1) by agreement between the parties; (2) BY CONDUCT CLEARLY INDICATING SUCH PURPOSE; (3) by the substitution of a new contract inconsistent with the existing contract. (Citations omitted.)" (Emphasis added.)

[1] In the case at bar, we think the evidence warranted a finding by the court that the conduct of the parties clearly indicated that they were not adhering to the written provision of the contract relative to desired changes in construction. Upon abandonment of the quoted provision by the parties, it was proper for the court to allow recovery for the changes on the basis of quantum meruit or an implied contract. The assignment of error is overruled.

[2] Defendants assign as error the failure of the court to (1) make proper findings of fact " . . . designating and distinguishing between those items set forth in Plaintiff's Exhibit 4, entitled Change Orders, which actually represent changes and additions requested by the defendants, and those items which plaintiff was obligated to perform under the terms of the contract . . . " ; (2) make findings with respect to, and give defendants credit for, certain items furnished or paid for by defendants on behalf of plaintiff of the value of $2,771.03; and (3) make findings with respect to, and give defendants credit for, certain expenditures made by defendants in amount of $2,178 necessary to complete the house.

In cases in which the trial court passes on the facts, the court is required to do three things in writing: find the facts on all issues of fact joined on the pleadings; declare the conclusions

of law arising on the facts found; and enter judgment accordingly. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971); *Littlejohn v. Hamrick,* 15 N.C. App. 461, 190 S.E. 2d 299 (1972); *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972). G.S. 1A-1, Rule 52.

In the instant case, the contentions of the parties based on the pleadings, and evidence presented by them, raised numerous questions for determination by the trial judge sitting as a jury. Plaintiff relied heavily on the 33 change orders introduced. Defendants asserted that many of the items contained in the change orders were embraced in the plans, specifications or contract, therefore, they were not proper subjects for additional charge as extras. Defendants were entitled to findings of fact on those items but the court did not make them. We do not deem it necessary to point out all instances in which the court should have made specific findings but will mention several.

In Change Order #3, plaintiff made a charge of $82.62 for a desk for the kitchen which defendants contend the specifications called for; they were entitled to a finding on this contention. In Change Order #7, plaintiff charged $45 for a shower door; the evidence indicates that plaintiff admitted the door was not supplied, but defendants were not given credit for it. In Change Order # 16, plaintiff charged $203.71 for fans in vents of bathrooms; defendants contend (and they appear to be correct) that the specifications called for fans; they were entitled to a finding on this item. In Change Order #26, plaintiff charged $250 for a marble hearth which defendants contend is in the specifications; defendants were entitled to a finding of fact on this item.

With respect to the $2,771.03 mentioned in (2) above, defendants contend, and presented evidence tending to show, that they furnished two toilets worth $180, and a shower door worth $45, called for in the specifications; that they paid $673.26 for light fixtures and that under the specifications plaintiff was obligated to pay $300 of that amount; that they paid $2,110.83 for carpet and vinyl that plaintiff was obligated to furnish; that they supplied plaintiff with 2500 brick worth $135.20; that they were not given credit for these items. We hold that defendants were entitled to findings of fact as to these items and the court erred in failing to make those findings.

Since a new trial is being awarded for failure of the court to make sufficient findings of fact, we deem it unnecessary to discuss the defendants' contentions with respect to the $2,178 item mentioned in (3) above. We feel certain that upon a retrial, the court will make proper findings with respect to that item.

Plaintiff argues in his brief that the court erred to his prejudice in not allowing interest and in not declaring the sum due him a lien on the real estate. Since plaintiff did not appeal from the judgment, we hold that those questions are not presented.

For the reasons stated, the judgment is vacated and this cause is remanded to the superior court for a

New trial.

Judges VAUGHN and ARNOLD concur.