LAWRENCE J. TRABER v. JAMES T. CRAWFORD, VESTAL C. TAYLOR, THOMAS D. HARRELL, JR., FRANKLIN M. HOEL, EARL CRAWFORD, JR., T/D/B/A OVERLAND ENTERPRISES, A GENERAL PARTNERSHIP ORGANIZED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; OVERLAND INVESTMENTS, INC., A NORTH CAROLINA CORPORATION; AND JAMES T. CRAWFORD, VESTAL C. TAYLOR, THOMAS D. HARRELL, JR., T/D/B/A OVERLAND INVESTMENTS LIMITED, A LIMITED PARTNERSHIP ORGANIZED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; AND JAMES T. CRAWFORD, INDIVIDUAL DEFENDANT

No. 7528SC765

(Filed 17 March 1976)

1. Contracts § 3— agreement to pay 5% of cost of hotel — definiteness

An agreement to pay an architect 5% of the cost of a hotel for architectural services constituted a binding contract although the cost of the hotel was not definitely established but was only estimated since the agreement provides a sufficient method for determining the final amount to be paid.

2. Architects — action for fee — insufficiency of court's findings

In this action by an architect to recover for breach of contract or, in the alternative, for quantum meruit, judgment entered by the trial court in a nonjury trial did not contain findings of fact on all issues joined on the pleadings where no findings were made as to defendants' allegations of accord and satisfaction and that any amount due plaintiff should be reduced by the value of a membership given plaintiff in a limited partnership, and a new trial is awarded on all issues raised by the pleadings.

APPEAL by defendant from *McLean, Judge.* Order entered 6 December 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 January 1976.

Plaintiff alleged that in May, 1969, he entered into an agreement with defendants to provide architectural services for a hotel project. This action is for breach of contract, or, in the alternative, for quantum meruit.

In their answer defendants admit there was an agreement entered in May, 1969, but they denied any liability and expressly plead that plaintiff was given a membership in a partnership in "full and final settlement" of all obligations the defendants had to plaintiff. Defendants further alleged that if it be determined that they did owe plaintiff anything that the amount be reduced by the value of the membership in the partnership.

The case was tried without a jury. According to plaintiff's evidence, he and others, including defendant, James T. Crawford, agreed to pool their services and build a convention hotel facility in the City of Asheville. Each party was to be a partner in the project, and plaintiff was to receive a 5% interest in the ownership of the hotel, plus reimbursement for expenses which were to be deducted from his ownership interest, in return for his architectural services. It was later agreed that plaintiff would receive a fee of 5% of the cost in lieu of an ownership interest.

According to defendants' evidence it was never agreed to reimburse plaintiff for expenses, and that in September, 1971, plaintiff was given an interest in the partnership of Overland Investments, Limited, worth $15,000, in full payment of his services, and that plaintiff was discharged because of his failure to provide construction plans on time.

The trial court made numerous findings of fact which are summarized, in part, as follows:

(1) On 21 May 1969 plaintiff, defendant and others met and decided to work towards construction of a convention hotel. Each party agreed to furnish services toward the project, and while no specific percentages were discussed they did discuss ownership of the hotel by percentage interests. A tentative site was chosen.

(2) From 21 May 1969 through June 1970 plaintiff performed certain work on the project. (Findings were made as to the exact details and hours spent on the project.) By June 1970 the group had decided to seek a different location for the site of the hotel.

(3) Between June 1970 and January 1971 plaintiff did further work on the project. (The findings were detailed as to the work performed.)

(4) In January 1971 plaintiff met with defendant, Crawford, and others, and Crawford indicated that Overland Investments, Limited, was taking an interest in the hotel project, and in return Overland would obtain financing for the project. Defendant further indicated that there would be a change in the "make-up" of the project and each party was requested to declare what interest, i.e., percentage, he wanted. Everyone agreed that plaintiff would receive 5% interest in the ownership of the total cost, estimated to be $6,200,000, of the project. Defendant stated that Overland Investments, Limited, would acquire 80% of the ownership.

(5) Between January and December 1971 plaintiff did more work, and by December, 1971, Overland had acquired a contract to purchase the site chosen for the hotel. Plaintiff adapted the plans and specifications to the site.

(6) At another meeting in December, 1971, defendant, James T. Crawford, informed the group that the lender would not allow anyone except Overland Investments, Limited, to have an equity ownership in the hotel, and that the participants would have to receive percentage fees in lieu of equity ownership percentages. Defendant specifically said that plaintiff could have a "5% architectural fee on the cost of the hotel project in lieu of an equity ownership interest." Plaintiff stated that he "would go along" with this arrangement, and stated that he also needed $5,000 per month to cover expenses. No other changes were made in the December 1971 meeting from those conditions that existed at the January 1971 meeting.

(7) Following the December 1971 meeting plaintiff did further work.

(8) In March, 1972, the defendant, Earl Crawford, stated to plaintiff and others at a meeting that he, Earl Crawford, was in complete charge of the project and that the other partners in Overland Investments, Limited, had been removed.

(9) In April, 1972, defendant, Earl Crawford, requested plaintiff to reduce his architect's fee, and plaintiff refused. On 27 April 1972 plaintiff was notified that he was no longer the architect for the project.

(10) Plaintiff remained ready, willing and able to complete his duties as architect, and at the time he was discharged plaintiff had completed 35% of the total work which he had agreed to perform.

(11) Overland Enterprises was a general partnership formed by defendants, and it acted as general partner in Overland Investments, Limited, a limited partnership formed for the purpose of providing financial backing for the hotel project (and other projects).

(12) The services rendered by plaintiff for defendants from December 1970 until his discharge were reasonably worth $20,020, and plaintiff incurred $250 in expenses.

The court concluded that at the January 1971 meeting the parties had not entered a valid contract "as the cost of the hotel was not definitely established and agreed upon, but was estimated." It was also concluded that plaintiff had rendered valuable services which were accepted by defendants, and plaintiff was awarded $20,020 as the reasonable value of his services, plus $585 for expenses.

Defendants appealed to this Court.

*Bennett, Kelly, Cagle, P.A., by E. Glenn Kelly and Robert F. Orr, for plaintiff appellee.*

*Reynolds and Fowler, P.A., by Earl J. Fowler, Jr., for defendant appellant.*

ARNOLD, Judge.

In actions tried upon the facts without a jury the trial judge is required to make findings of fact and conclusions of law. G.S. 1A-1, Rule 52(a)(1) directs the court to "find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment."

The reason for requiring a separate statement of the conclusions of law is to allow the appellate courts to determine what law the trial court applied in directing the entry of judg-

ment. *Hinson v. Jefferson,* 287 N.C. 422, 215 S.E. 2d 102 (1975). The trial court's conclusions of law are subject to review on appeal. *Davison v. Duke University,* 282 N.C. 676, 194 S.E. 2d 761 (1973).

[1] It was concluded by the court that the plaintiff and defendants "did not in January of 1971 at the meeting in Mr. William E. Greene's office, enter into a valid and lawful [sic] binding contract as the cost of the hotel was not definitely established and agreed upon, but was estimated to cost $6,200,000."

Defendants maintain that the judge's conclusion of law is an incorrect statement of the law, and we agree. Assuming arguendo that such an agreement existed, an agreement to pay 5% of the cost of the hotel as compensation for architectural services provides a sufficient method of determining the final amount to be paid. 2 N. C. Index, Contracts, § 3; 17 Am. Jur. 2d § 82.

Where the trial court passes on the facts the court is required "to find the facts on all issues of fact joined on the pleadings," declare the resulting conclusions of law, and enter judgment accordingly. *Campbell v. Blount,* 24 N.C. App. 368, 371, 210 S.E. 2d 513 (1975); *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971); *Littlejohn v. Hamrick,* 15 N.C. App. 461, 190 S.E. 2d 299 (1972).

[2] The judgment entered in the present case does not comply with the requirement to find facts on all issues joined on the pleadings. The defendant specifically pleaded accord and satisfaction in bar of any recovery by plaintiff. Defendants further alleged in their answer that if the court determined that defendants were in any way indebted to plaintiff that the amount due should be reduced by the value of the membership of plaintiff in the limited partnership. There is nothing in the judgment determining these issues. The judgment is therefore insufficient because the findings do not cover all the issues of fact joined on the pleadings, even though there was evidence from which findings could have been made. *Littlejohn v. Hamrick, supra.*

While the findings of fact by the trial court might appear to support a conclusion that there was an express contract we feel that this is an appropriate case to exercise our discretion and award a new trial on all issues raised by the pleadings. See *Ayers v. Tomrich Corp.,* 17 N.C. App. 263, 193 S.E. 2d 764

(1973); *Kinney v. Goley* and *Crowson v. Goley* and *Noll v. Goley,* 6 N.C. App. 182, 169 S.E. 2d 525 (1969).

New trial.

Judges PARKER and HEDRICK concur.