STEPHEN HOWARD DURLAND, PETITIONER v. ELBERT L. PETERS, COMMISSIONER OF MOTOR VEHICLES, RESPONDENT

No. 7818SC865

(Filed 19 June 1979)

Automobiles §§ 2.4, 126.3— breathalyzer test—willingness to take within prescribed time

Facts found by the trial court were sufficient to support its conclusion of law that petitioner did not wilfully refuse to take a breathalyzer test where the court found that petitioner "wanted to take the test" at the conclusion of the thirty minute waiting period.

APPEAL by respondent from *Wood, Judge*. Judgment entered 1 May 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 May 1979.

The respondent appeals from the judgment of the trial court holding petitioner did not wilfully refuse to take a breathalyzer test. Evidence necessary for the opinion is hereafter set forth.

*Turner, Rollins, Rollins & Clark, by Walter E. Clark, Jr., for petitioner appellee.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for respondent appellant.*

MARTIN (Harry C.), Judge.

This civil action was instituted by petitioner pursuant to N.C.G.S. 20-16.2(e) to review *de novo* the question of whether petitioner had wilfully refused to take a breathalyzer test after being arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquors.

After hearing the testimony of the witnesses, Judge Wood found as facts the following:

2. On the 3rd day of December, 1977, the petitioner Steven [sic] Howard Durland was lawfully arrested in the City of Greensboro by G. F. Brooks, a uniform officer with the Greensboro Police Department and charged with operating a motor vehicle under the influence of intoxicating liquor in violation of N.C.G.S. 20-138. The petitioner was transported to the breathalyzer room at the Greensboro Police Department arriving there in the presence of Gary R. Ballance, a duly licensed breathalyzer operator at 4:00 A.M. at 0402 A.M. the petitioner was advised of the rights concerning the breathalyzer in accordance with the requirements of N.C.G.S. 20-16.2 § A.

3. The petitioner indicated that he desired to have present to witness the testing procedures either the supervisor of Officer Brooks or his father. A sergeant came to the breathalyzer room. The petitioner said that he meant a lieutenant or higher. At 0423 the petitioner made a telephone call to his father.

4. At 0432 A.M. Mr. Ballance informed the petitioner that the time was up. The petitioner said that he wanted to take the test and wanted a witness to be present. At 0439 A.M. the petitioner's father arrived and requested that the petitioner be permitted to take the breathalyzer test. The petitioner and his father were informed that the breathalyzer test would not be given;

Upon these findings the court concluded as a matter of law that petitioner did not wilfully refuse to take the breathalyzer test, and ordered that his driver's license not be suspended.

The respondent, although represented by counsel at the court hearing, failed to make any exceptions to the trial court's findings of fact but did except to the conclusion of law. When there are no exceptions to the findings of fact, they are deemed to be correct and supported by competent, substantial evidence, but the appeal itself raises the question of law whether the facts found support the judgment and whether error of law appears on the face of the judgment. Respondent's exception to the conclusion of law raises the same issues. *Brown v. Board of Education*, 269 N.C. 667, 153 S.E. 2d 335 (1967); *Hertford v. Harris*, 263 N.C. 776, 140 S.E. 2d 420 (1965); *Aiken v. Collins*, 16 N.C. App. 504, 192 S.E. 2d 617 (1972). Absent exception, the findings of fact are conclusive upon appeal. By the failure of counsel to make the required exceptions, the findings of fact by the court are not presented to us for review.

We hold the facts found by the court do support the court's conclusion of law that petitioner did not wilfully refuse to take the breathalyzer test. The Commissioner of the Division of Motor Vehicles had the burden of proof at the hearing before the court. *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 182 S.E. 2d 553, *pet. to rehear denied*, 279 N.C. 397 (1971). The Commissioner failed to carry this burden with the trier of the facts, the trial judge. There was no finding that petitioner refused to take the test when requested to do so by the officer. To the contrary, the court found as a fact that petitioner "wanted to take the test" at the conclusion of the 30-minute waiting period.

Appellant has failed to show error, and the judgment is

---

In re Vinson

---

Affirmed.

Judges PARKER and MITCHELL concur.